UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:17-cr-99-Orl-18GJK

LUIS RIOS

### AMENDED NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS

The United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, hereby files this Amended Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis. As mentioned in the undersigned's motion to continue the sentencing (see Doc. 44), the government believes that the defendant qualifies as an Armed Career Criminal. As such, the government states as follows:

### ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition, are as follows:

> First:   That the defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce; and
>
> Second:  That before possessing the firearm or ammunition, the defendant had been convicted of a felony—a

crime punishable by imprisonment for more than one year.

## PENALTY

The penalty for the offense charged in Count One of the Indictment is not less than fifteen years' up to life imprisonment, a fine of not more than $250,000, not more than five years' supervised release, and a $100 special assessment.

Upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## FORFEITURE

Upon conviction of the violation alleged in Count One of the Indictment, the defendant, LUIS RIOS, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in the commission of the offense, including, but not limited to, a Savage 22 caliber rifle model 62 with serial # 2743593 and ammunition.

## PERSONALIZATION OF ELEMENTS

First: Did you knowingly possess a firearm or ammunition in or affecting interstate commerce?

Second: At the time you possessed the firearm or ammunition, had you previously been convicted of a felony – a crime punishable by imprisonment for more than one year?

## FACTUAL BASIS

On February 8, 2017, the defendant, LUIS RIOS, did knowingly possess in Orlando, Florida, in the Middle District of Florida, a Savage 22 caliber rifle model 62 with serial # 2743593 ("Firearm"), in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1).

At the time the defendant possessed the Firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that is:

- On or about June 15, 2004, Aggravated Arson with People Present, in violation of Illinois Statute 720-5/20-1.1(A)(1);

- On or about June 15 2004 (separate case from above), Aggravated Vehicle Hijacking/Weapon, in violation of Illinois Statute 720-5/18-4(A)(3), and Attempted First Degree Murder, in violation of Illinois Statute 720-5\8-4(770-5\9-1); and

- On or about February 5, 2013, Aggravated Battery on a Peace Officer, in violation of Illinois Statute 720-5/12-3.05(d)(4).

The facts giving rise to the offense are summarized as follows:

On February 8, 2017, at 11:33 pm, Orlando Police Department ("OPD") officers were in the area of Pershing Avenue and Commander Drive assisting other officers on a traffic stop. While at the scene OPD officers heard

a female, Victim 1, yell for help from an apartment ("Apartment"). After approaching the Apartment, an OPD officer saw the defendant standing next to Victim 1 with his hand around Victim 1's mouth; the OPD officer could see that Victim 1 was visibly upset. The defendant let go of Victim 1 and she ran out of the Apartment enclosure towards OPD officers arriving on scene.

Officers then observed the defendant walk back into the Apartment, holding a beer and yelling. An OPD officer then saw a child emerge from a bedroom and lost sight of the defendant for a few seconds. The same OPD officer then observed the defendant walk back to the front door of the apartment with the Firearm in his hand. OPD officers immediately took emergency cover and noticed RIOS pointing the Firearm in their general direction.

All OPD officers were instructed to maintain hard cover. A perimeter was set up around the apartment. After ordering the defendant out of the Apartment, OPD officers saw RIOS walk out of the Apartment with his hands up and no longer carrying the Firearm. Upon entering the house, OPD officers located the Firearm in a bedroom occupied by three children. The Firearm had one round in the chamber and approximately five rounds in the

magazine. The defendant later admitted to possessing the Firearm and pointing it at OPD officers in the area.

Both the Firearm and the ammunition were manufactured outside the state of Florida and therefore traveled in interstate commerce before the defendant possessed them.

                        Respectfully submitted,

                        W. STEPHEN MULDROW
                        Acting United States Attorney

By:    s/ *Sean P. Shecter*
        SEAN P. SHECTER
        Assistant United States Attorney
        USA No. 173
        400 W. Washington Street
        Suite 3100
        Orlando, Florida 32801
        Telephone:  (407) 648-7500
        Fax:          (407) 648-7643
        E-mail:      sean.shecter@usdoj.gov

U.S. v. LUIS RIOS            Case No. 6:17-cr-99-Orl-18GJK

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Tom Dale, Esquire

           s/ *Sean P. Shecter*
           SEAN P. SHECTER
           Assistant United States Attorney
           USA No. 173
           400 W. Washington Street
           Suite 3100
           Orlando, Florida 32801
           Telephone: (407) 648-7500
           Fax: (407) 648-7643
           E-mail: sean.shecter@usdoj.gov